R. VERN GORDON v. ETHEL MAY GORDON.[1]

March 22, 1935.

No. 30,249.

*Fosnes & Rolloff*, for appellant.
*W. W. Merrill* and *Daly & Barnard*, for respondent.

PER CURIAM.

Plaintiff sued for divorce on the ground of cruel and inhuman treatment. The court found:

"That the defendant during the last years of married life has been subject to fits of temper, has nagged, scolded and upbraided plaintiff and called him names; at one time slapped plaintiff, and at another time gave plaintiff a push and threw a slipper at him as he went downstairs; that plaintiff in the spring of 1933 underwent a major operation and that defendant during his convalescence scolded, nagged and upbraided plaintiff to the injury of plaintiff's health."

Upon this finding the court awarded plaintiff absolute divorce from defendant. She appeals from the judgment.

No complaint is made of the alimony, suit money, or attorney's fees awarded. The only question raised is the sufficiency of the evidence to sustain the finding above quoted and whether such finding warrants absolute divorce. The evidence has been carefully examined. The parties have been married almost 20 years. They

[1]Reported in 259 N. W. 529.

have one child, a daughter now past 18 years. They have lived in Montevideo during their married life. The trial court saw and heard the parties and their witnesses, and could better appreciate the bearing of the nagging and scolding found upon the health of mind and body of plaintiff than anyone reading the cold record. Neither the public nor the parties hereto will profit by an analysis of the testimony. It is enough to say we think the trial court rightly concluded that it was unendurable for plaintiff longer to live with defendant. She had come to that state of mind that she hated him. It is also claimed that the corroboration which the statute requires is lacking. We think not. The sheriff of the county, the daughter, and even defendant's brother, though her witness, gave evidence corroborating plaintiff as to aggravating and humiliating words and behavior of defendant toward plaintiff. The court found the conduct of defendant was injuring plaintiff's health. Mental suffering often impairs bodily health. The findings sustain the judgment.

The judgment is affirmed.